No. ----

First Circuit

----

## LEESVILLE SLAGEL & EASTERN RY. COMPANY v. C. B. L. LUMBER COMPANY

----

(May 4, 1926. Opinion and Decree.)

----

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 32, 33.**

An answer which is not signed, although sworn to by attorneys, if not objected

to, will be considered signed by the defendant.

**2. Louisiana Digest—Pleading—Par. 38, 46.**

A plea of remission under 2199 et seq. of the Civil Code has the effect of nullifying the defendant's denial that the indebtedness existed, and if the remission is not proved the defendants are liable for the debt.

Appeal from the Twelfth Judicial District, Parish of Vernon. Hon. J. H. Boone, Judge.

Action by Leesville Slagel & Eastern Ry. Company against C. B. L. Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Hardin & Hardin, of Leesville, attorneys for plaintiff, appellee.

P. L. Ferguson and S. I. Foster, of Leesville, attorneys for defendant, appellant.

ELLIOTT, J. Leesville Slagel & Eastern Ry. Co. alleges that at the request of C. B. L. Lumber Co., Inc., it prepaid the freight on a car of lumber from Slagel, Louisiana, to East Columbia, Texas, and that same amounted to $164.75.

That at the time of the shipment, J. J. Guess, C. B. Lindsey, J. J. Beeson and G. T. McCullough were the sole stockholders of C. B. L. Lumber Co., Inc., that after the shipment they personally took charge of all the assets of the C. B. L. Lumber Co., Inc., and appropriated the same in specific portions to their own private ownership, recognizing at the time said indebtedness to petitioner.

That said Guess, Lindsey, Beeson and McCullough and C. B. L. Lumber Co., Inc., are, by reason of said appropriation, indebted in solido to petitioner for the amount of said freight.

The defendants, C. B. L. Lumber Co., Inc., J. J. Guess, J. J. Beeson and C. T McCullough, appeared and for answer deny the liability alleged against them by the plaintiffs. That the C. B. L. Lumber Co., Inc., is able to pay its debts and concludes with the following:

"Your appearers would now show that the indebtedness sued on has been remitted by the plaintiff prior to the institution of this suit, and the defendant owes nothing to plaintiff."

The district judge rendered judgment in favor of the plaintiff against the appearers as prayed for.

Defendants appealed.

Defendants' answer is sworn to by one of their attorneys. It is filed in the record as their answer to plaintiff's demand; and the case was tried on the issues thus made, but the answer is not signed.

No objection has been urged to it on that account; we, therefore, look on it as if it had been signed for all practical purposes.

The plea of "Remission", C. C. Art. 2199, et seq., urged as a defense in the concluding part of the answer, does away with defendants' denial that the alleged indebtedness existed and judicially admits that the defendants were all indebted to plaintiff on account of said prepayment of freight, but not so at the time of demand because plaintiff had remitted the alleged indebtedness to them.

The defendants on the trial did not claim that plaintiff ever remitted the debt.

In the testimony there is no pretense on their part that such was ever done.

The evidence shows that plaintiff did not remit the alleged indebtedness but has claimed the amount all along.

The judgment appealed from is correct.